You may be seated. The clerk will call the next case. Before we begin, I just like to acknowledge that Justice Litton is not with us today. He's unable to be here, but he does have the briefs. He is the arguments here today. So, Mr. Wigeman, would you like to proceed? Thank you, Justice O'Brien. May it please the court, counsel. I am Jay Wigman, an assistant appellate defender with the Office of the State Appellate Defender and one of the attorneys for defendant appellant Wael Salem, who asserts that it was error for the trial court to admit the defendant's prior convictions during the state's case-in-chief as other crimes evidence because there was no basis allowed for comparing the prior offenses to the incident. To start off initially, there is one other case involving Mr. Slanton that will be argued this afternoon, and I'm not certain which, if any, of the justices will be part of that panel as well. So, I want to very briefly orient because the facts of the two cases can be confusingly overlapping. This case involves possession of a stolen motor vehicle, and there was one charge only as to that. This was the second trial in time. At the first trial, that involved the possession of open titles, titles that could be conveyed improperly by a party, and that primarily involved issues regarding Montgomery challenges. We're asserting that two of the three convictions that were used in that case for impeachment purposes were improper. We're also arguing, generally in that case, that the other crimes evidence was improper because it didn't relate directly to the offenses, and one thing that the two cases have in common is the filing of the post-trial. I don't want you to take up your time talking about a case that isn't under prepared, so I would say just go into your argument. Then what I would say is that in this case involving the stolen motor vehicle, the state filed a pretrial motion to admit several prior convictions. The first was the open title conviction that had just been entered in the previous case. The second was a Cook County conviction, a 2004 theft, Classes 3 and 2. Was the Cook County conviction the 2010 guilty plea that had not resulted in sentencing? That is correct, and these were admitted ostensibly for the purposes of proving motive, intent, absence of mistake, knowledge, and common scheme. It is our assertion first that outside of the domain of certain sex offenses where it is legislatively created to require or to allow the bringing up of prior convictions, outside of that realm prior convictions are never admitted as other crimes evidence in the state's case-in-chief. In my research, I was able to find none, and I would submit that the state found none, or that certainly none were included. Other crimes evidence is usually pattern evidence, and the jury never finds out whether there was or wasn't a conviction. Is that what you're saying? That's correct, and their prior bad acts is really what they are. And that brings us to the reason for why they aren't generally allowed, is that it really tells the jury nothing. The fact of a conviction alone, the fact as it was stated to the jury that there was a Cook County case, it was a Class 1 felony, theft more than $500,000, does nothing to illuminate the issue of what was the motive, or what was the intent. Was this an accident? Could it have been that he possessed the car unknowingly? All it says is that this is a bad person who has done bad things, but in terms of providing the type of evidence or insight that it's meant to, it doesn't do that. The fact that all of these offenses are just listed in terms of their legal description, but not getting to the things that would tie the two offenses together, means that it's virtually worthless to the jury. How was the 2010 offense introduced to the jury? Was it a certified minute entry sheet or docket sheet? It was a docket sheet, and it did not list the sentence, and at the time it couldn't have, because the sentence hadn't been had. And that certainly is another argument that comes up. But it wasn't a certified copy of a conviction. Now, Ms. DeMichel, in her brief, says, well, the defense can't complain about this because they were fine with it. Is there anything in, I know the defense objected to the introduction of other crimes evidence to be considered by the jury substantively for purposes of intent. The defense objected to it. Did the defense ever indicate on the record during the course of that objection that if you're going to do it, we only want the conviction? Well, and that's part of the reason that I began by referencing to the other case, is because there at times seemed to be some overlap, almost some shorthanding between the judge and counsel. And they're more specific. And I do know it was the same judge in both cases. But to avoid confusing us, can you just talk about what was said when there was an objection by the defense to other convictions being offered during the state's case in chief as substantive evidence in the BMW case? What counsel said then in arguing against those, in particular he distinguished McKibben's, which was the case that the state relied upon in its pretrial motion, and said that McKibben's allows this type of evidence to come in. And defense counsel noted that in McKibben's, part of the evidence was a coin that was found in the pocket of one of the offenders that had been taken from a murderer just a few days before. And this is part of what tied the two together. It wasn't the fact of conviction, but as counsel said, there's no connection between these two. And so counsel argued largely that it was improper because there's no connection that can be had because it doesn't shed any light on the offense. And he also distinguished the offenses that were being used in this instance. Shampoo was one of the items that was possessed, a large amount of shampoo sold at the store. Now obviously the jury didn't know about that, but even if it had, there's no connection between the offenses. So there were some specific arguments related to the nature of those offenses versus this. What we said in our responsive brief to the state was that where an error is introduced or where an action is requested by one side, they can't then object when it happens that way. But the side that is having the action committed against them over their objection then has the right to say, well, if it's going to happen that way, then this is how we want to limit it. So my question to you is, in this record, did defense counsel say, okay, we don't want it to come in, but if it comes in, we only want the convictions. Did it happen that way? I believe that it did happen that way. In the other case, if I may. I'm afraid you're going to confuse my symbol. So again, the primary reason that these aren't allowed is that it proves nothing. The other thing is that there's, I think, a legitimate concern that were the state allowed to act in other cases the way that it did here, that it basically undoes the rule of Montgomery. It allows the defendant to bring these in. Correct. These weren't being used for impeachment. This was substantive. Well, they were used for impeachment. They weren't introduced for purposes of impeachment because they were introduced during the case in chief. Right. That's correct. And there was a question about whether it was proper to bring them in at that time. That was one of counsel's objections was he said, if it is allowed for the state to bring these in for purposes of proving knowledge or intent, that's going to be an issue in almost every case. And this would be a way to subvert Montgomery, to bring these in. You might be able to limit or try to limit, but part of the problem is when you then say, well, you can use these for this purpose, it creates the thought that there is something going on here. Here, they were told they could use it for impeachment and they could use it for substantive purposes. When the court ruled on the pretrial motion in the BMW case, told the state it will come in for both? Well, the jury was instructed both with 3.14 and 3.13. But I'm focusing on the chronology. When the state filed the pretrial motion asking to introduce this evidence, did they say we want to use it for both purposes? No, it wasn't discussed at the time. Although much of the analysis by the court seemed to invoke Montgomery's standards rather than focusing on the substantive matter of proving intent, proving motive. Which might indicate the court was confused as to the purpose of the pretrial motion. I think that's a fair statement. I think that there was much blurring of the two standards and purposes. Don't both standards require the court to balance other crimes evidence in terms of whether it's probative versus prejudicial and whether one outweighs the other? It doesn't. That's another reason to be concerned about the fact that the specifics of the offenses weren't particularly brought to the court's attention and certainly weren't made known to the jury. Did the court do a balancing test in relationship to the pretrial motion in the BMW case? The judge invoked Montgomery and a balancing test in terms of the number of convictions that he would allow. He was concerned about there being too many and overtly influencing. But there wasn't a balancing in terms of what the cases showed or what the offenses were and the more specifics of those. But then in Montgomery, what you're going to have under most circumstances is simply the offense and the classification. Whereas with cases involving motive and states of mind, the concern is what were the facts of those cases? And in fact, the instruction to the jury almost presupposes that it can't be a conviction because the jury is allowed to decide whether, in fact, the defendant committed that conduct and then what weight it has. Whereas if a conviction were part of it, then it would be assumed that he, in fact, had been guilty of that because that's the legal finding. If I understand the substance of the issue that you've raised in this appeal, it's that the proof of other crimes or prior bad acts as it relates to substantive evidence touching upon intent. Proof of prior bad acts by certified conviction is improper. Correct. Turning then to the specific convictions, and there is in here a Montgomery concern as well, and that is the conviction in the Cook County case from basically the same time as this trial was proceeding. The court allowed the state to introduce for impeachment purposes that conviction that hadn't yet to occur. In this case? I believe in this case it was allowed for impeachment purposes as well. Let me tell you, and please clear it up in my mind, what I thought happened in this case is the certified copies of conviction came in during the state's case-in-chief without a discussion of impeachment. And then the impeachment issue came up when the jury instructions were allowing the jury to consider prior convictions for purposes of impeachment since the defendant testified. That seems right. The 313 pertained to the impeachment, 314 pertained to the other crimes, and both were given, and that was when there was a discussion. But there was also a discussion, I believe, initially about whether this defendant had yet to be sentenced. Which to me isn't a problem because that's the way you prove prior bad acts. You don't have to show a conviction. So to me that's a bit of a red herring with regard to the 2010 case. But I do understand the issue as to the, I think the impeachment issue kind of snuck in at the end when the standard packet of jury instructions was tendered to the court, and nobody realized that the state had tendered those convictions during their case-in-chief, intended to use them both ways. Defense counsel somewhat made that connection early on when he said during the discussion on the pretrial motion that this may not even be allowable if he doesn't testify. Again, blurring the lines between impeachment and the standard that the jury had given the consideration, the 10-year time period, and looked as well at the conviction. But I think that you're right that the conviction discussion primarily came up when the discussion revolved around jury instruction. You have not raised a jury instruction issue, but the jury instructions that this jury actually received, 313 and 314, conflicted with each other. And if they did address the same convictions that were admitted for dual purposes, one instruction said, you can only consider these convictions with regard to credibility, and for no other reason. And then the very next instruction says, well, you can consider these as substantive evidence of whether, you know, with respect to this criminal offense. And then the state argued, you can use these for both purposes, can't you? You can use this because he's a liar, and you can use it because it shows what his state of mind is. There's some case law out there that says when you have conflicting jury instructions, that's reversal. That's reversal. But nobody's raised that issue. Correct. I'll turn briefly to the question which I will, in shorthand fashion, refer to as the Bailey question. For years, I think it has been standard practice, particularly in the I think it has been habit to when, and it happens very frequently, where a post-trial motion is filed more than 30 days following the jury verdict, but before the sentencing hearing, or in this case, after the sentencing hearing. But again, there was an allowance by the trial court of this extended timeline. And what I had said in my jurisdiction statement was that it was technically a late filing, that the court could revest itself with jurisdiction. Did the court ever lose jurisdiction? And that's the thing, it didn't. The court didn't lose jurisdiction, but the case upon which I relied for that statement regarding revestment was Hubbard. And Hubbard says that the court has lost jurisdiction but can revest itself. And I think that that's the language that has always been used. In Bailey, very recently, the Supreme Court, I think, clarified that language and spotlighted where people have been making a mistake for a long time. When the Supreme Court said, under our usual rules, a trial court loses jurisdiction to hear a cause at the end of the 30-day window following entry of a final judgment. In Bailey, the motion was filed three and a half years following sentencing. Here, it was filed within 30 days of the sentencing, and again, by leave of the trial court, which seemed to think that the procedure was for the filing of the post-trial motion following the sentencing. And that was done in both cases. Here, the trial court never lost jurisdiction. It could have been that had the state objected at the time, there was a concern and the court could have refused it at that time because there was no filing within the 30-day window following the judgment. Or, I'm sorry, following the jury verdict. But the fact of the matter is that the court never lost jurisdiction. And on that basis, then, we would maintain that this court has reversed the finding of the trial court and remanded for a new sentence. Or, I'm sorry, for a new trial. I have one quick question. You've only challenged the other crimes' evidence in the form of the convictions, but there's a lot of other crime evidence that came in in the BMW case, this case, such as evidence of the Navigator and the Maroon BMW having a, I don't know, fictitious or perhaps that car was stolen. Why only, is it possible that since so much other crimes' evidence came in, that these convictions maybe were harmless? Wouldn't have, I mean, what he did hear, what the jury did hear about defendants' other bad acts, I don't know, maybe the convictions were in comparison. It comes down to a question of when is enough enough. And if, as the state argues, it has such overwhelming evidence, then it seems even more wrong for the state to bring in evidence that's improper. The fact of the matter is that while we don't expect a perfect trial, we expect a fair trial, and this was not a fair trial in terms of bringing in this evidence in such a convoluted fashion that allows specifically just the inference that the defendant is clearly a bad guy. He has done something wrong before. He must be doing something wrong now. Not just a bad guy, but a thief. A thief who stole over $500,000 worth of something at one time, and if he was guilty then he must be guilty now. There's just too much insinuation for this to be proper. Okay, I understand your argument. Thank you. Thank you, Mr. Wigeman. Ms. DeMichel? May I please support? Counsel, Laura DeMichel on behalf of the people, and I'll address this This court lacks jurisdiction other than to consider its jurisdiction because a notice of appeal was not timely filed. Under Rule 606A, the filing of a notice of appeal is jurisdictional. Rule 606B addresses the timing of that filing, and it specifically states that it must be filed within 30 days after the entry of the judgment appealed from, or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion. Well, that first half doesn't apply because the notice of appeal wasn't filed within 30 days of sentencing, and the second half doesn't apply because no timely filed motion directed against the judgment was filed. The motion that was filed, while it was filed while the court still had jurisdiction over the case, because it was within 30 days of sentencing, just because the court had jurisdiction didn't make the motion timely. Now, the cases defendant has cited in its reply brief, those courts had retained jurisdiction over the case, either in one case because the motion was filed prior to sentencing, or in the other, a motion to reduce sentence was pending at the time the motion for a new trial was filed. So they really didn't deal with the notice of appeal issue quite in this way. The case defendant has relied on, which is Hubbard, is a revestment case, and that's relied on in its opening brief, and so if it's going to be revested, that would mean they would have had to have lost it. But after Bailey, that changed the revestment landscape such that the parties now have to both support the setting aside of some part of the prior judgment. Addressing the substantive merits of this issue, if the trial judge acted within his discretion in admitting the other crimes evidence, the people would also contend that. I just want to clarify. So your feeling is that it was proper for the judge to consider the motion to reconsider because he chose to do so, that that's all right, but that even though he had the right to consider that motion to reconsider, which is aimed at the judgment itself, the underlying judgment, you couldn't then file a notice of appeal? At the time, so the motion for a new trial was filed on June 5th, and the court still had jurisdiction for 30 days after the sentencing, so the court had jurisdiction until June 9th. But the motion to reconsider, a motion for a new trial, which didn't include any sentencing issues which would have kicked over the time, that wasn't ultimately considered until June 21st and notice of appeal wasn't filed until June 22nd. So the court, because this motion wasn't timely filed, did lose jurisdiction on June 9th. So regarding the second issue, because this motion wasn't timely filed, it was procedurally defaulted, and defendant hasn't requested plain error, either people would know, but if this court does address the merits, this is a rule, Illinois rule of evidence 404B issue, that rule provides. Thank you for pointing out the Illinois rules of evidence. You know, they're recently enacted or at least a year or two ago, and they're not often cited. And so I really appreciated seeing that in your brief. They actually had discussed rule of evidence 404C below. That's why they had the hearing in advance of the trial. So they were discussing whether it came in under 404B, and 404B specifically provides that evidence of other crimes may be admissible to prove intent, knowledge, and absence of mistake. It also provides that under certain statutes it might be admissible for propensity, but those statutes aren't at issue in this case. The people weren't arguing that it was admissible for propensity. So knowing that evidence of other crimes can be amended for those purposes, the people contend that a conviction is evidence of another crime. The Fields case discusses this issue. The Fields case was dealing with the term other crimes, and it stated that where a defendant has actually been convicted of the other crime, a certified copy of conviction is certainly evidence of its commission. Now a defendant in his reply brief discusses how Fields was a case under 115-7.3 where it could be used for propensity, but regardless of whether the purpose for which the evidence could be used for is different, 404B says evidence of other crimes, whether relating to that statute or whether relating to these non-propensity uses. So the people believe that Fields does apply. And these convictions were properly admitted, or the judge was within his discretion in admitting them, for the purposes to show knowledge and absence of mistake. So other crimes evidence when introduced to show those areas, just mere general areas of similarity will suffice. It's not like a modus operandi type of case where the actions need to be very similar to prove a way of operating. Here defendant was charged with possession of a stolen motor vehicle, and so an element of that offense is that defendant had to know that the vehicle was stolen. The unlawful possession of vehicle titles were similar in that this car had a fraudulent title, and also those were discovered in the same search that that fraudulent title was discovered. All the facts you discuss in your brief, though, as to linking these crimes, the jury didn't find out any of those facts, did they? That the open title convictions were related to vehicles found in the driveway a few days before the BMW was seized? They didn't learn any of that, did they? The jury, the way the convictions were presented were just the prosecutor read the convictions to them. They didn't see a certified copy. Actually, it was just read to them. And they heard evidence of problems with other titles. They heard evidence of the search, which located the six-inch stack of documents. Which the defendant hasn't challenged. He's only challenging these convictions. But they didn't hear the link between how that conviction fit with that stack of documents. It's true. They weren't informed of that. So how did admitting the conviction alone have any probative value on the issue of intent? Well, in this case where a defendant contended that he had this title and that it was a true title, the fact that he had had other titles with problems before. Where did any of those, what the prosecutor read with the convictions, where does any of that come in about having any possession of titles before? Because I'm assuming that the prosecutor read convicted of. Unlawful possession of vehicle titles. That's the only details they were given. The details about more titles were in this case. All we're talking about here is just what was read into the record about these three convictions. Right. Give them any information on which to say that there would be no accident about this title. Well, under young states that while an innocent state of mind might be present in one instance, the more often it occurs with similar results, the less likely it was without criminal intent. So in the case where there was the title that was fraudulently possessed, then the titles later would have a similar state of mind rather than he didn't know there was a problem with them. I think you're really hampered by the zealousness of the prosecutor in the court below. It seems to me that the reason the state wanted these convictions in was not to show that there was some sort of pattern that would negate an innocent mindset, but to simply get evidence before this jury that he was a convicted thief. And that's where I'm having trouble. My questions, and I know Justice O'Brien's questions, are not personal attacks on you, but I'm just not sure if this case falls. It's because of the overzealousness of the prosecutor. I'm not even sure they needed these convictions, because a lot of other crimes' evidence was perhaps more damning in relationship to a pattern. So please, when I ask these questions of you, I do think it appears the state wanted to prove he was a thief, not prove that he, not offer these to show his lack of innocent intent. Well, theft also involves possessing an item knowing it's stolen, which was an element that they needed to prove in this case. Yes, so how does introducing a conviction for a prior theft of 500,000 dollars, or whatever the amount was, it was a lot of money, how does that go to the issue of intent with respect to this car? It shows it wasn't a mistake. Under Young, it would show it wasn't a mistake, because the more often he has this non-innocent frame of mind regarding the goods he's possessing, then the more likely it was without criminal intent. But even if this court does find that these convictions were erroneously used as other crimes' evidence, the people would contend that the evidence was overwhelming on this knowledge point, so that any error would be harmless, or actually, under the plain error framework, it wouldn't be closely balanced or prejudicial. The people would also note that there was a recording of the defendant telling his wife repeatedly, hide the car, hide the car, you need to give the car to a friend. That's all other crimes' evidence. That was not challenged at any point either. And so given that it's not been challenged, it can still be used in this harmless error argument. And regarding, the hide the car was regarding this specific car, so that wouldn't be other crimes' evidence, that would be evidence of this crime. And so then he also calls the friend and says, I told my wife she needs to hide the car, she's going to give you this car to hide the car. So that amongst the problems with the VIN numbers, the problems with the title of the specific BMW, as well as the fact that there's two other stolen cars in the driveway, one of which also has a fraudulent title and also has VIN issues, the defendant clearly knew this car was stolen, so any error would be harmless. You failed to mention the fact that the license plate to this car was in his garage. Yes, the actual license plate that matched the true VIN numbers, which were either obliterated or covered up by a sticker. The actual license plate was in the garage. An Indiana dealer plate, which wasn't a valid plate, was on this car as well. So I'll just make this observation. Sometimes when a trial judge says no to a prosecutor, actually they're doing the prosecutor sometimes a favor, because here I really think you're hampered by the overzealous approach of the prosecutor down below. I really do. Not to beat you up, but... If there's no further questions, I'm able to address them now. Thank you, Mr. Meitner. Thank you. Mr. Wigeman for rebuttal. Thank you. Very briefly, I think there is legitimate concern for the integrity of these two trials, and this one in particular, as they were conducted by the trial court and by the overzealous actions of the prosecutor. It's always disturbing when a prosecutor has a case that is fully formed and has a very strong case and then resorts to overkill and takes what is a very good case and a fair case and makes it unfair by doing things that are unnecessary to accomplish this job. And what we hope for is a skilled prosecutor who recognizes the strength of his case and what he has and does nothing to bring that into jeopardy or to bring the system into disrepute. But when you go too far, then it brings into question the fairness of the system. My daughter's softball league has a rule, if one team is up by 10 runs, then the game is over, because it's just not fair to the teams involved. It's not fair to us parents. Especially the parents. And that was totally done away with here. There is no fairness. Your analogy is well taken, but in this situation, what you have is a team is up by 10 runs, and instead of saying we're going to apply the 10-run rule, the judge, and I'm going to keep that evidence out, what the judge did here at the request of the prosecutor is say, because you're ahead by 10 runs, the normal rules don't apply. You can have six balls or all the rules went out the window because the state did have a strong case. And I would also offer this observation. They'd already convicted him before of the open titles, just a little while, a week or two in front of the same judge. So it appears, I understand your argument completely, because it appears this judge thought he did it. And so you're right. The common fairness doesn't apply because it's so obvious. The thing is that much of this can't have been obvious to the jury in terms of any sort of connection between the prior offenses. But what was obvious is he has committed crimes before. He's a thief. He must have committed this theft. But there's a difference between theft and possession of stolen items. And I believe this court has discussed that in other contexts, a one act, one crime. Can you both possess a stolen good and be the thief? They're different matters here. And so to say that, well, he must have known that it was stolen because he has stolen before, distorts what the evidence shows. But the evidence really shows the jury nothing. There were thefts before. And the implication is simply, then it must be. And then you couple it with legitimate evidence. And so it almost weakens the legitimate evidence because, well, maybe that isn't as strong as the state thought. If they have to go to these sorts of efforts, if they have to resort to that, which clearly isn't fair or proper in this case. I would note that in Young, which the state has relied upon to say that it's okay to bring in convictions as other crimes evidence. Again, that wasn't in the state's case in chief. That was in rebuttal. And it was done by a judge who initially said, I'm not going to let you bring it in in your case in chief. But if the defendant gets up on the stand and makes these sorts of claims, then I'll let you bring it in. The problem is that here, the defendant was deprived of the normal choice. And I realize that it's different with impeachment evidence, but I think the principle is the same. In a Montgomery type situation, the defendant knows going in, if I get up on the stand and testify, these convictions are going to come in. And he then has the choice of testifying or not, knowing what is going to happen if he does testify. Here, that choice is taken away from him. Those convictions were coming in, and while ostensibly the jury was going to be told it was for a limited purpose, it was actually for a greater purpose than impeachment. How was the jury told it was for a limited purpose? The jury was told it was for the limited purpose of motive, of intent, knowledge.  You're not talking about limitations in terms of impeachment or credibility. And as I was saying, it's an even greater power that the jury has. The jury, in my view, was told that it would be an unlimited purpose. They could consider it substantively. And I agree. Particularly then when you couple it with, you can use it for this other limited purpose of not believing anything he says. And when he got up to testify, which he basically had to do now to explain the prior convictions, he has no credibility. Did he explain those prior convictions in his testimony? He didn't explain the prior convictions. He did talk about how he was limited in the work that he did because of a prior felony. But he didn't explain what those convictions were for or how they had come about. Therefore, there are a number of concerns that just permeated this trial and tainted the evidence that could legitimately be brought forward. It's the integrity of the system that I think is at stake here. And as I said earlier, there's a concern that this can be expanded or used in an abusive fashion to basically subvert the protection that's provided by Montgomery that allows or prevents a conviction from being brought in simply as evidence standing on its own. He's been convicted before. We don't have to go to any further thought. And so for those reasons, we would ask that the dependent's convictions be reversed and he be granted immunity. One more question. Indulge me. He was charged in this case with possessing a stolen vehicle. Is that correct? Yes. In the convictions that were admitted, were any of those possession of stolen property? What was read to the jury? No. Did they hear possession of stolen property because of theft and open title? There's no open title here that they heard any evidence about with regards to the BMW.  It had plates. It was signed or signed over to a defendant. Maybe fictitiously, but he was charged with having an open title. And I'm struggling with why the court felt a conviction or an offense that was not possession of stolen property would have any bearing on his intent or knowledge. And I struggle with the same question and the implications of it as well. As I said earlier, you're going to have intent and knowledge in practically every criminal case. I can think of a few exceptions, particularly where recklessness is involved. But for the most part, intent and knowledge in a general sense are always going to get you. Let me ask you another hypothetical question. I apologize for interrupting, but I know our afternoon has to end at some point. If the certified conviction was for possession of a stolen vehicle, would your arguments be the same? In one respect, it would, and in one, it would not. I mean, obviously, the title of the offense is going to be the same, but the question is still going to be how much light does it shed on the factual question. In almost every case, and several are cited in my brief, where other crimes evidence is admitted, and it's never the conviction. It's always the underlying facts and the similarities between the two. It's almost more like a game of Clue where he's using a pink hat and he's doing these. It's pattern evidence is what it is. There can be no pattern discerned when you simply have the same offenses, particularly when... Okay, you've answered my question. Thank you. Thank you. Thank you both for your arguments here today. As stated earlier, Justice Litton will be participating in the discussion and decision of this case, and right now the matter will be taken under advisement. A written decision will be issued to you, and we will take a short break for panel discussion. Thank you.